

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**09/17/2014**

| | | |
|---|---|---|
| IN RE: | § | |
| ROBERT BLAINE KEMENDO | § | |
| | § | |
| DEBTOR(S) | § | CASE NO. 07-36408-H5 |

## MEMORANDUM OPINION REGARDING CROSS MOTIONS FOR SUMMARY JUDGMENT

Before the Court are the motions for summary judgment filed by Robert Kemendo and the IRS concerning the discharge of Kemendo's federal income tax liabilities for 1995 and 1996 under 11 U.S.C. §§ 1328(a) and 523(a)(1)(B). The IRS asserts that as of July 8, 2013, Debtor's taxes of $455.86 for 1995 and $6,055.26 pre-petition interest and $15,503.06 post-petition interest for 1996 were not discharged by Debtor's chapter 13 discharge under 11 U.S.C. §1328(a).

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding. After reviewing the motions and evidence, the Court concludes that Debtor's motion for summary judgment should be granted and the motion of the IRS should be denied for the following reasons:

### I. Undisputed Facts

**A. Background**

Debtor is a self-employed architect, who was involved in a divorce in 1995.

P:\Kemendo order 091614 wpd(

1

Debtor's affidavit in support of summary judgement states that since 1995, Debtor has maintained an active dialogue with the IRS in an attempt to resolve his tax issues.

## B. Tax Year 1995

Debtor's federal income tax return for 1995 was due April 15, 1996. Debtor filed his 1995 tax return after that due date.  The parties stipulate that on November 1, 1999, the IRS assessed tax in the amount of $4,786, a penalty of $596 and interest of $2,082.30 for Debtor's tax year 1995.  The parties stipulate that Debtor filed a federal income tax return for 1995 on August 11, 2003, listing his tax liability as $2,137. Subsequently, in March 2004, the IRS abated $2,659 of Debtor's 1995 tax liability and assessed $652 in additional penalties for tax year 1995.

## C. Tax Year 1996

Debtor's federal income tax return for 1996 was due, with an extension, on October 15, 1997. The parties stipulate that on November 1, 1999, the IRS assessed $22,188 of tax, $4,397.35 of penalties and $6,055.26 of interest for Debtor's tax year 1996. The parties stipulate that Debtor filed a federal income tax return for 1996 on August 11, 2003, listing  a total tax due in the amount of $15,807. Subsequently, in March 2004, the IRS abated $6,381 of tax for tax year 1996 and assessed additional penalties in the amount of $3,951.75.

**D. IRS Tax Account Transcripts**

The parties submitted IRS tax account transcripts in support of summary judgment. Although the parties stipulate that Debtor filed his 1995 and 1996 tax returns in 2003, the IRS tax account transcripts, which on their face purport to be current through 2013, do not show that Debtor filed any tax returns for 1995 or 1996 in 2003. Instead, the 1995 and 1996 transcripts show that the IRS received Debtor's 1995 and 1996 federal income tax returns on June 19, 1998.

The 1995 transcript shows that the IRS referred Debtor's 1995 tax return for review on July 27, 1998. The IRS performed an examination of Debtor's 1995 return on August 15, 1998. The transcript reflects that after the examination, the IRS prepared, on August 24, 1998, a substitute for return for Debtor's 1995 tax year.

The 1996 transcript shows that on April 15, 1998, the IRS transferred a credit of $1,206.19 from Debtor's 1040 tax return. The 1996 transcript reflects that the IRS performed an examination of Debtor's 1995 return on August 22, 1998. After that examination, the IRS prepared, on August 31, 1998, a substitute for return for Debtor's 1996 tax year.

Debtor submitted a Freedom of Information Act request to the IRS to obtain a copy of the substitutes for return. According to its letter response to Kemendo, the IRS was not able to locate copies of the substitutes for return within the applicable

P:\Kemendo order 091614.wpd

response deadline.

In 2005, the IRS filed a notice of tax lien for 1995 and 1996. Again, in March 22, 2006, the IRS filed another notice of tax lien.

**E. Chapter 13**

On September 19, 2007, Kemendo filed a chapter 13, case no. 07-36408.[1] Debtor's plan was confirmed on February 5, 2008. The IRS timely filed a proof of claim on October 31, 2007, totaling $124,204.87, that includes a general unsecured claim for tax years 1993-1996, 2000 and 2004, and a priority claim for tax year 2006. Post-confirmation, the IRS filed an amended claim on April 16, 2008, reducing the amount claimed to a total of $114,340.23, secured by a right of offset. The IRS filed the only proof of claim.

The IRS was paid $45,491.23 under Debtor's chapter 13 plan. According to the chapter 13 trustee's final report and account filed November 14, 2012, Debtor completed his case on August 20, 2012. Debtor received a discharge under 11 U.S.C.§ 1328(a) on December 17, 2012. After application of the Debtor's payments under the Chapter 13 plan and his discharge, the IRS reduced or abated penalties.

---

[1]In addition to the instant chapter 13 case, Debtor filed a previous chapter 7 bankruptcy on August 17, 2001. In that case, Debtor was discharged under 11 U.S.C.§ 727 on January 14, 2002.

**F. Subsequent IRS Activity**

On January 14, 2013, the IRS recorded two certificates of release of federal tax liens prepared and signed on January 2, 2013, releasing the tax liens filed September 9, 2005, and March 22, 2006. The certificates of release state that Kemendo under section 6325(a) of the Internal Revenue Code has satisfied the taxes listed and all statutory additions. The list includes the following:

| TAX PERIOD ENDING | DATE OF ASSESSMENT | UNPAID BALANCE OF ASSESSMENT |
|---|---|---|
| 12/31/1993 | 11/1/99 | 16797.47 |
| 12/31/1994 | 11/24/2003 | 38728.15 |
| 12/31/1995 | 11/1/1999 | 5467.30 |
| 12/31/1996 | 11/1/1999 | 290005.17 |
| 12/31/2000 | 5/26/2003 | 3555.42 |
| 12/31/2004 | 9/26/2005 | 8326.50 |

On July 8, 2013, the IRS issued Notices of Intent to Levy to Debtor for unpaid federal income tax liabilities for tax year 1995 in the amount of $455.86 and for tax year 1996 in the amount of $6,055.26 pre-petition interest and $15,503.06 post-petition interest. As of May 26, 2014, IRS transcripts reflect that Debtor was indebted to the United States for unpaid federal income tax liabilities for tax year 1995 in the

amount of $468.08 and for tax year 1996 in the total amount of $22,136.45.

## II. Contentions of the Parties

Debtor contends that his 1995 and 1996 federal income tax liabilities are discharged under 11 U.S.C.§ 1328(a). Debtor asserts that, since he filed his 1040 returns in August of 2003, approximately four years prior to the filing of the Chapter 13 case, and, since no allegations of fraud or submitting a false return have been made, the taxes for 1995 and 1996 were discharged under 11 U.S.C.§ 1328(a).

The IRS contends that Debtor's unpaid federal income taxes for tax years 1995 and 1996 were not discharged by his chapter 13 discharge in 2013 because Debtor's tax returns were filed late and almost four years after the IRS made its assessments of tax liabilities for the years at issue. The IRS argues that  Debtor's unpaid federal income taxes for tax years 1995 and 1996 were excepted from discharge under 11 U.S.C. § 1328(a)(2), citing to (a) the IRS position in IRS Chief Counsel Notice 2010-016; (b) the Fifth Circuit's decision in *In re McCoy*, 666 F.3d 924 (5th Cir. 2012); and (c) circuit courts holding that a belated tax "return" fails the test of what constitutes a valid tax "return." *See eg. Beard v. Commissioner*, 82 T.C. 766 (1984) aff'd, 793 F.2d 139 (6th Cir. 1986).

### III. Conclusions of Law

Bankruptcy Code §523(a)(1)(B)(i) excepts from discharge taxes for which no return was filed. 11 U.S.C.§523(a)(1)(B)(i). Under Bankruptcy Code § 523(a), the term "return" is defined as follows:

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

11 U.S.C. § 523(a).

In *In re McCoy*, 666 F.3d 924 (5th Cir. 2012), the Fifth Circuit held that McCoy's Mississippi state income tax liabilities for years for which she filed late returns could not be discharged under 11 U.S.C. § 727 because they were not returns for discharge purposes under the definition of return applicable to 11 U.S.C. § 523(a). 666 F.3d 924 at 929 - 931. The Fifth Circuit explained that under the Mississippi Tax Code, state income tax returns must be filed on or before April 15th of each year. 666 F.3d at 928. McCoy's state income tax returns were not filed by that deadline. *Id.* Further, McCoy's returns were not filed under a safe harbor provision such as that provided by 26 U.S.C. §6020(a). 666 F. 3d at 931, FN. 10 ("We also note that McCoy

does not claim that her returns were "prepared pursuant to [§ ] 6020(a) ... or similar State or local law...." 11 U.S.C. § 523(a)(*) (emphasis added). McCoy does not point to any Mississippi tax provision analogous to § 6020(a), under which her filings might qualify as returns. Consequently, she cannot rely on this "safe harbor" provision.")

Referring to the second sentence of the above-quoted definition of 'return," the Fifth Circuit stated:

> . . . this second sentence simply explains that returns filed pursuant to § 6020(a) do qualify as returns for discharge purposes, while those filed pursuant to § 6020(b) do not. In other words, this second sentence in § 523(a)(*) carves out a narrow exception to the definition of "return" for § 6020(a) returns, while explaining that § 6020(b) returns, in contrast, do not qualify as returns for discharge purposes.

666 F. 3d at 931.

Considering the House Report, H.R. Rep. No. 109–31 (2005), reprinted in 2005 U.S.C.C.A.N. 88, 167, the Fifth Circuit stated:

> The House Report accompanying BAPCPA explains that § 523(a)(*) was intended to provide that a return prepared pursuant to section 6020(a) of the Internal Revenue Code, or similar State or local law, constitutes filing a return (and the debt can be discharged), but that a return filed on behalf of a taxpayer pursuant to section 6020(b) of the Internal Revenue Code, or similar State or local law, does not constitute filing a return (and the debt cannot be discharged).

666 F. 3d at 931, FN 9.

The Fifth Circuit explained the difference between a return   filed under

§6020(a) and one under §6020(b):

> Section 6020(a) returns are those in which a taxpayer who has failed to file his or her returns on time nonetheless discloses all information necessary for the I.R.S. to prepare a substitute return that the taxpayer can then sign and submit. . . . In contrast, a § 6020(b) return is one in which the taxpayer submits either no information or fraudulent information, and the I.R.S. prepares a substitute return based on the best information it can collect independently.

666 F. 3d at 928.    In summary, the Fifth Circuit, in *McCoy*, preserved the safe harbor for late filed returns prepared by the Secretary with the cooperation of the taxpayer under 26 U.S.C. § 6020(a) for purposes of discharge under 11 U.S.C. §523(a).

The parties agree that there is no genuine issue of material fact. The IRS, as the party seeking an exception to discharge, bears the burden of proof as to nondischargeability. *See In re Fields*, 926 F.2d 501, 503 (5th Cir.1991). The IRS transcripts show that the IRS prepared substitutes for return in August 1998 based on information contained in debtor's tax returns for 1995 and 1996 filed in June 1998. This evidence indicates cooperation of the tax payer in preparation of a substitute for return under § 6020(a). The IRS has not submitted any evidence that Debtor failed to cooperate in preparation of the substitutes for return for tax years 1995 and 1996. The IRS has not submitted any evidence that the substitutes for return it prepared for debtors tax years 1995 and 1996 fail to meet the statutory requirements of § 6020(a). Under 11 U.S.C.§ 523(a), a substitute for return prepared with the cooperation of the taxpayer is

9

a return for dischargeability purposes. *See In re McCoy*, 666 F.3d 924 (5th Cir. 2012).

Debtor's discharge was granted under Bankruptcy Code § 1328(a). Bankruptcy Code § 1328(a) incorporates and excepts from its discharge any debt "of the kind specified . . . in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)."11 U.S.C. § 1328(a). Bankruptcy Code § 523(a)(1)(B) excepts from discharge tax liabilities as to which no return was filed or as to which a return was filed late and after two years before the date of the filing of the petition in bankruptcy. 11 U.S.C. § 523(a)(1)(B)(i) - (ii).

June 1998, the date shown by the transcripts that the IRS prepared substitutes for return for Debtor's tax years 1995 and 1996, is a date before two years before the date of Debtor's chapter 13 petition, which was filed on September 19, 2007.  Based on the foregoing, the Court concludes that summary judgment should be GRANTED in favor of Debtor; it is therefore

**ORDERED** that Debtor's motion for summary judgment is

GRANTED; it is further

**ORDERED** that Debtor's taxes, penalties, and interest for tax years

1995 and 1996 are discharged under 11 U.S.C. §1328(a).

Signed:  September 17, 2014

Karen K. Brown
United States Bankruptcy Judge

P:\Kamendo order 091614.wpdk

11